UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT EDWARD GAYLE,

                      Plaintiff,

    -against-

OFFICER C. BENWARE, OFFICER S.
CARLSON, and OFFICER D. WILLIAMS,

                     Defendants.
-----------------------------------------------------------X

08 Civ. 8017 (RBM) (FM)

**DECISION & ORDER**

### I. Background

On or about September 17, 2008, Robert Edward Gayle ("Plaintiff" or "Gayle") filed a pro se complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Officer C. Benware, Officer S. Carlson, and Officer D. Williams (collectively, "Defendants"), alleging, among other things, that while he was incarcerated at Green Haven Correctional Facility ("Green Haven"), Defendants injured him by "punching and kicking" him while Defendants were restraining and transporting him "to [the] hospital." (See Compl., dated July 3, 2008, at 3.) In his Complaint, Plaintiff alleges that he did not "file a grievance" regarding this incident. (Id. at 4.)

On December 29, 2008, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), arguing, among other things, that Plaintiff "did not complete the grievance process before filing this action" and therefore failed "to exhaust his administrative remedies" as mandated by the Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl., dated Dec. 29, 2008 ("Def.'s Mem."), at 1, 3.)

On February 18, 2009, in opposition to Defendants' motion, Plaintiff submitted an affidavit, sworn to on January 23, 2009, alleging, among other things, that he "requested a

grievance form and a grievance representative, which [he] was denied" and that he "wrote [his] grievance on a regular piece of paper and gave it to an officer to mail it out for [him]" but he "never received [any] response [because] most likely that officer never mailed it out." (Aff. of Robert Edward Gayle, sworn to on Jan. 23, 2009 ("Gayle Aff."), at 1.)

On July 6, 2009, United States Magistrate Judge Frank Maas, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that Defendants' motion be denied because, among other reasons, when "taking Gayle's pleadings as a whole and construing them liberally, Gayle has made a prima facie showing that he reasonably attempted to obtain a grievance form, access a representative, and mail a grievance through prison officials." (Report at 9.)

Although the Report advised that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 6(a), 6(d), and 72, "the parties shall have ten days from the service of this [Report] to file written objections," (Report at 9), to date, neither party has filed objections. (See Ltr. from John Knudsen to Hon. Richard M. Berman, dated July 23, 2009 ("Defendants will not file objections to the Report").)

**For the reasons stated below, the Report is adopted in its entirety.**

**II.    Standard of Review**

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III.    Analysis**

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Maas properly concluded that Defendants' motion should be denied because, among other reasons, Plaintiff claims that he "reasonably attempted to [file] a grievance" but "the actions of the Green Haven staff prevented him from doing so" when they allegedly denied his requests for "a grievance form and access to a grievance representative" and allegedly failed "to mail [Plaintiff's informal] grievance." (Report at 7, 9 (citing Gayle Aff.)); see Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004); see also Lahoz v. Orange County, No. 08 Civ. 3589, 2009 WL 666950, at *5 (S.D.N.Y. Mar. 12, 2009) ("Because [plaintiff] was denied recourse to the grievance procedures, his failure to exhaust procedural remedies must be excused."); Taylor v. Zerillo, No. 08 Civ. 1484, 2008 WL 4862690, at *2 (E.D.N.Y. Nov. 10, 2008) (denying motion to dismiss for failure to exhaust administrative remedies because, among other reasons, plaintiff alleged that he "was not given any grievance forms" and that he "complained to the warden in writing but received no response").

## IV. Conclusion and Order

For the reasons set forth herein and therein, the Court adopts Judge Maas's Report in its entirety and denies Defendants' motion to dismiss [#7].

Dated: New York, New York
July 27, 2009

                                                  */s/ RMB*
                                     **RICHARD M. BERMAN, U.S.D.J.**